# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

JOEY L. FORRESTER, )
)
          Plaintiff, )
)
        v. )   No. 12-5072-SSA-CV-SW-MJW
)
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
)
         Defendant. )

## **ORDER**

Plaintiff Joey L. Forrester seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 26, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Joey L. Forrester was born in October of 1976. He alleges onset of disability beginning June 16, 2009. Plaintiff alleges disability due to an intracranial cyst which he alleges causes depression, anger, headaches, memory loss, lack of concentration, lack of sleep, mood swings, and anxiety.

The Administrative Law Judge (ALJ) determined that plaintiff suffered from the following severe impairments: anxiety disorder, mood disorder, cervical pain, and intracranial arachnoid cyst. Despite these impairments, the ALJ determined plaintiff did not meet a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, and retained the residual functional capacity (RFC) to perform light, simple work and was not disabled as defined by the Social Security Act.

Plaintiff alleges the ALJ erred in weighing the medical evidence of record and in failing to find that plaintiff met the criteria necessary to be found disabled under Listing 12.05(c). Plaintiff also alleges the Appeals Council failed to properly consider the additional medical evidence submitted. The Commissioner argues the ALJ properly considered and weighed the medical evidence and opinions of record, and properly determined that plaintiff did not meet a Listing. The Commissioner further argues the evidence submitted to the Appeals Council was not relevant to the period at issue in this case.

Upon review, this Court finds that while there is some evidence to support the decision of the ALJ, there is not substantial evidence in the record to support the decision of the ALJ. The ALJ's decision is well considered, but lacks the necessary information to determine whether plaintiff is disabled as defined by the Social Security Act. This decision is based on the following findings.

First, the ALJ did not err in determining that plaintiff did not meet a listing. Contrary to plaintiff's argument that he meets Listing 12.05(c) mental retardation, the evidence simply does not support this finding. Rather, the evidence supports the Commissioner's argument that under Listing 12.05(c), plaintiff's IQ score from when he was fourteen years of age is not a valid IQ score.

While plaintiff is an adult requesting disability under the adult listing of 12.05, he is requesting that such grant of disability be based on IQ scores from when he was a child. Accordingly, the listing for mental retardation for children becomes relevant because this listing sets forth what the Social Security Administration considers to be a valid IQ score for a child. The relevant section is Listing 112. This section states in relevant part:

> generally, the results of IQ tests tend to stabilize by the age of 16. Therefore, IQ test results obtained at age 16 or older should be viewed as a valid indication of the child's current status, provided they are compatible with the child's current behavior. IQ test results obtained between ages 7 and 16 should be considered current for 4 years when the tested IQ is less than 40, and for 2 years when the IQ is 40 or above. IQ test results obtained before age 7 are current for 2 years if the tested IQ is less than 40 and 1 year if at 40 or above.

20 C.F.R. Pt. 404, Subpt. P. App 1, § 112.05(c).

Based on this explanation, plaintiff's IQ score from 1990 when he was fourteen years of age, eleven years prior to his alleged onset date, is not a valid IQ score for

3

purposes of determining whether plaintiff has a valid IQ score sufficiently low to meet the standard of Listing 12.05(c). See Woods v. Colvin, 2013 WL 683620 *10 (W.D. Mo. Feb. 25, 2013) ( IQ score taken at age 14 was only valid for two years, pursuant to 20 C.F.R. Pt. 404, Subpt. P, § 112.05c(10)). Moreover, without evidence to support a finding of disability under Listing 12.05(c), the ALJ was not required to specifically discuss this listing. McNamara v. Astrue, 590 F.3d 607, 611-12 (8th Cir. 2010).

Second, the ALJ did not err in the discussion of plaintiff's credibility. The ALJ gave valid reasons for finding plaintiff not fully credible as to the severity of all his impairments. See Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012) (because ALJ gave several valid reasons for his credibility determination, it is entitled to deference).

Where the ALJ did err was in the weighing of the medical evidence of record. While recognizing that many of the medical records submitted by plaintiff were only to the Appeals Council, this Court believes the ALJ's RFC determination is not based on sufficient medical evidence. Plaintiff's disability status is difficult to determine based on the medical evidence of record. While the plaintiff has the burden of proof, the ALJ does have a duty to fully develop the medical record. Eichelberger v. Barnhart, 390 F.3d 584, 592 (8th Cir. 2004) ("An ALJ has the duty to develop the record independent of claimant's burden in the case."). See Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986) (ALJ has duty to fully develop the record when claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled). Here the crucial issue of limitations imposed by plaintiff's mental health impairments has not been sufficiently developed for a determination of disability to be made.

Accordingly, this case is remanded to the ALJ for further development of the medical record. Specifically, a consultative medical examination by an examining doctor should be ordered to sufficiently develop the medical record regarding the severity of plaintiff's mental health impairments. This consultative examiner should be appropriately qualified to do objective testing and to determine the extent to which plaintiff's mental impairments would limit his ability to work. Upon receipt of this Medical Source Statement, the ALJ should consider this Statement in conjunction with the other Statements of record, as well as the medical records, and the record as a whole, in determining plaintiff's RFC and ability to work.

**Conclusion**

Based on the foregoing, this Court finds that this case must be reversed and remanded for further development of the record as set forth herein.  See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) ("There is no bright line test for determining when the [Commissioner] has … failed to develop the record.  The determination in each case must be made on a case by case basis.").

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded for further development of the record as set forth herein.

Dated this 23rd day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge